UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

          Plaintiff,

v.

D-1 David Taylor,
D-2 Michelle Brannon,

          Defendants.

_____/

Criminal No. 25-20560

Hon. Terrence G. Berg

**STIPULATION FOR A PROTECTIVE ORDER**

The United States of America, by and through Jerome F. Gorgon, Jr., United States Attorney for the Eastern District of Michigan, Sarah Resnick Cohen, Assistant United States Attorney, Christina Randall-James, Department of Justice Trial Attorney, and Defendants David Taylor and Michelle Brannon, through their respective counsel, file this stipulation for entry of a Protective Order.

**I.    Background and Procedural Posture**

On July 23, 2025, a federal grand jury in the Eastern District of

1

Michigan indicted D-1 David Taylor and D-2 Michelle Brannon on one count of Conspiracy to Commit Forced Labor, in violation of 18 U.S.C. § 1594(b) (Count One); five counts of Forced Labor, in violation of 18 U.S.C. § 1589 (Counts Two through Seven); and one count of Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h) (Count Ten). D-1 David Taylor is charged with an additional two counts of Forced Labor, in violation of 18 U.S.C. § 1589 (Counts Eight and Nine).

The evidence collected by the government during the course of the investigation and prosecution includes alleged victims' personal identifying information (PII) as well as explicit material generated during the course of the forced labor conspiracy. The government intends to produce this evidence in discovery as required by the Federal Rules of Criminal Procedure.

## II. DISCUSSION

### A. Applicable Law

This request for a protective order is made pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure which allows the Court to regulate discovery by entering protective orders. Rule 16(d)(1)

states: "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

Upon request and proper showing by either party, the Court's broad discretion includes allowing non-disclosure or placing limitations on the use or "unwanted disclosure" of materials in the discovery process. *See Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect"). When considering whether to restrict discovery, "among the considerations to be taken into account by the court will be the safety of witnesses and others," as well as the "particular danger of perjury or witness intimidation." *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015) (internal quotation marks and citations omitted); *see also United States v. Powell*, No. 1:24-cr-18, 2024 WL 3344642 at * 1-2 (S.D. Ohio, July 9, 2024).

In a case such as this, which involves human trafficking victims, the Crime Victims' Rights Act of 2004 ("CVRA") helps to delineate the contours of what constitutes "good cause" under Rule 16(d)(1). The

3

CVRA provides that a crime victim has "[t]he right to be reasonably protected from the accused." 18 U.S.C. § 3771(a)(1). The victim also has "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8).

### B. Good cause exists to restrict dissemination and distribution of documents containing unredacted PII, explicit material, and/or victim and witness identities.

The government is in possession of voluminous discovery that includes the identities and PII of the alleged victims and witnesses in reports generated by law enforcement. The government will make substantial efforts to redact the PII (*e.g.*, dates of birth, social security numbers, telephone numbers, and current addresses) of the alleged victims and witnesses. However, due to the large quantity of discovery and the nature of certain discovery materials, the government may not have redacted the PII of every individual who could potentially be a victim and/or witness at trial.

The government is also in possession of financial records consisting of, but not limited to, bank account statements with account numbers, credit card statements with card numbers, copies of checks,

4

real estate closing records, and investment records. Due to the volume of financial records, and so defense counsel can promptly review financial materials, the government intends to produce unredacted copies of financial records.

In addition, some discovery material is composed of highly sensitive information including, but not limited to, explicit photographs and videos of alleged victims and/or witnesses and sexual conversations with alleged victims.

The government is obligated by statute to give defense counsel the opportunity to review all of the above information. *See, e.g.,* Fed. R. Crim. P. 16(a)(1)(B) and (E). Accordingly, a protective order with narrowly tailored restrictions is necessary to safeguard the privacy and safety of alleged victims and witnesses.

This case—which has already garnered media interest—may attract pretrial publicity that, absent restrictions, could result in broad dissemination of the identities or PII of the government's witnesses. *See McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 90-91 (11th Cir. 1989) (rejecting media outlet's objection to order protecting confidential

5

information disseminated during discovery and explaining that an umbrella order restricting access to sensitive information may be appropriate in complex litigation where document-by-document review of materials would be impracticable). Publicity that includes victims' and witnesses' identities or PII may affect both the defendants' and the government's rights to a fair trial.

Furthermore, publicizing the victims' and witnesses' identities and explicit materials will compromise their privacy and dignity interests. Public disclosure of the victims' and witnesses' identities may harm their employment and increase potential for harassment or humiliation. If no protective measures are taken, the victims and witnesses will likely be subject to inquiry and scrutiny from friends, neighbors, present and future employers, and other members of the community. Once disclosed and posted to the internet, the victims' and witnesses' identities and their exploitation will be forever linked, subjecting them to psychological harm. Consequently, measures must be in place to protect the safety and privacy of the alleged victims and witnesses.

Crime victims enjoy a right to fairness and privacy, which are especially important in human trafficking cases and when the press has shown an interest in publishing information about the case. This request for a protective order does not preclude the defendants or their counsel from reviewing the materials that the United States will provide in discovery; rather, it prevents them from disclosing the information contained therein to third parties in order to reduce the risk of humiliation or harassment of victims and witnesses.

### C. The parties agree to the following narrowly tailored restrictions.

To protect against the dissemination of sensitive material containing victims' and witnesses' identities; to provide reasonable protections of the victims' and witnesses' identities; and to be able to timely produce financial records, the parties agree to a protective order that includes the following narrowly tailored restrictions in addition to the provisions listed in Rule 49.1 of the Federal Rules of Criminal Procedure:

   1.   Discovery material provided by the government in the above-

7

captioned case and any and all copies, notes, transcripts, documents or other information derived or prepared from such discovery material, can be used by each defendant and each defendant's counsel in this matter only for the purposes of preparing and defending the above-captioned case, including but not limited to trial, any sentencing, any appeal and any collateral attack, involving the charges in the above-captioned case;

2. All discovery materials disclosed to defense counsel by the government, and any copies, notes, transcripts and documents derived or prepared from discovery materials, shall not be further disclosed, disseminated or discussed by the defendants or defense counsel to, or with, any individuals, organizations or other entities, except for the defense team (including but not limited to non-lawyer personnel such as private investigators, analysts and potential experts who are directly employed by defense counsel and subject to defense counsel's supervision;

3. Any individual to whom disclosure is authorized pursuant to paragraph 2 shall be provided a copy of this Stipulation and Order by defense counsel and shall be advised by defense counsel that he or she may not further disclose or discuss any portion of the discovery materials, or any copies, notes, transcripts or documents derived or prepared from discovery materials, except in conformity with this Stipulation and Order;

4. Counsel of record for the defendants shall not provide any person, except for a member of the defense team, with PII of any individual listed in discovery, including without limitation, any individual's name, date of birth, social security number, current address, telephone number, email address, bank account number, credit card number, driver's license number, or family members' names, unless it belongs to one of the defendants;

5. All the members of the defense team are bound by the terms of this Court's protective order;

6. Counsel may incidentally share PII with the defendants while reviewing discovery, but the defendants shall not be permitted to make any notes or other record of PII.

7. No discovery may be taken into any jail facility or possessed in any such facility, except to the extent it may be taken into a jail facility by defense counsel for the sole purpose of reviewing the discovery with a defendant or potential witness in that defense counsel's presence and will not leave that defense counsel's sight or custody;

8. Undersigned defense counsel is permitted to print and/or make an electronic copy of the discovery materials so long as they remain in undersigned counsels' or the defense team's possession.

9. Undersigned counsel and the defense team will only allow viewing of the discovery by the defendant that they represent in the presence of undersigned counsel or the defense team. Neither undersigned defense counsel nor any member of the defense team will provide a copy of the discovery materials to

any of the defendants;

10. Neither the defense team or defendant may publish or disseminate discovery materials, discovery documents, or the information contained therein, including the identity and PII of victims and witnesses.

11. None of the discovery materials or any copies, notes, transcripts, documents or other information derived or prepared from the discovery materials shall be disclosed to the media directly or indirectly in any form;

12. In all filings with the Court and during all pre-trial proceedings, all parties and witnesses shall refer to the victims by their initials;

13. Should the parties wish to attach any discovery materials to any pleading filed with the Court, those discovery materials shall either be filed under seal or redacted to include only the initials of victims;

14. Neither the United States Department of Justice, the Federal Bureau of Investigation, the Internal Revenue Service

Criminal Investigation, nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents obtained by defense counsel under this Order, or of any information contained in such documents;

15. Any violation of any term or condition of this protective order by a defendant, the defendant's attorney of record, or any member of the defense team, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court. If a defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice or to file any criminal charges relating to the defendant's violation.

16. If any of the defendants obtains substitute counsel or elects to represent himself or herself *pro se*, the undersigned defense counsel will not transfer any portion of the discovery materials or any copies, notes, transcripts, documents or other

12

information derived or prepared from such discovery material unless and until substitute counsel or the *pro se* defendant enters into this Stipulation and Order or obtains an Order from the Court modifying the provisions of the Stipulation and Order;

17. Defense counsel will destroy or return to the government the discovery materials and all copies thereof at the conclusion of the trial if the defendants are acquitted on all counts or, in the case of convictions either at trial or by guilty plea, upon completion of any sentencing, appeal or collateral attack on the convictions made by the defendants in this matter.

18. This Order shall remain in effect after the conclusion of the case and unless and until this Court orders otherwise.

IT IS SO STIPULATED.

                                          JEROME F. GORGON, JR.
                                        United States Attorney

                                        *s/ Sarah Resnick Cohen*
                                        SARAH RESNICK COHEN
Assistant United States Attorney
Eastern District of Michigan
Homeland Security Unit
Human Trafficking Coordinator
211 W. Fort St., Ste. 2001
Detroit, MI  48226
313-226-9100
Sarah.cohen@usdoj.gov

   *s/ Christina Randall-James*
CHRISTINA RANDALL-JAMES
Trial Attorney
Human Trafficking Prosecution Unit
U.S. Department of Justice
Civil Rights Division
202-598-5701
Christina.Randall-James@usdoj.gov

s/ *Scott Rosenblum w/consent*      s/ *John Rogers w/consent*
Scott Rosenblum                             John Rogers
Counsel for D-1 David Taylor           Counsel for D-2 Michelle Brannon
Rosenblum Schwartz Fry & Johnson   Rogers Sevastianos & Bante, LLP
120 South Central Ave., Suite 130      120 S. Central Ave., Suite 160
St. Luis, MO 63105                        St. Louis, MO 63105
srosenblum@rsfjlaw.com                 jrogers@rsblawfirm.com
(314) 406-5001                                (314) 354-8484

Dated: September 15, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

           Criminal No. 25-20560

    Plaintiff,     Hon. Terrence G. Berg

v.

D-1 David Taylor,
D-2 Michelle Brannon,

    Defendants.

_____/

## PROTECTIVE ORDER BASED ON PARTIES' STIPULATION

Upon this Court's consideration of the parties' stipulation and for the reasons stated by the parties,

IT IS ORDERED that there is "good cause" under 18 U.S.C. § 2518(8)(b) to disclose and use the discovery materials as set forth in the stipulation.

IT IS ORDERED that the pretrial disclosure of the materials identified by the parties in their stipulation are controlled by the provisions of that agreement, and the government is authorized to

1

disclose the materials as requested.

SO ORDERED.

<u>s/Terrence G. Berg</u>
Honorable Terrence G. Berg
United States District Judge

Dated: September 16, 2025