IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:25-CR-20560-TGB-KGA |
| MICHELLE BRANNON, | ) |
| Defendant. | ) |

**RESPONSE IN OPPOSITION TO MOTION FOR PRETRIAL DETENTION**

COMES NOW Defendant Michelle Brannon ("Brannon"), by and through counsel, and hereby opposes the Government's detention memorandum and requests that this Court, pursuant to Title 18 U.S.C. § 3145(b), admit Brannon to bail on a combination of conditions of release that will reasonably assure her appearance at trial and the safety of the community or any other person. In support of this response, Defendant Brannon states as follows:

I. **Procedural Background**

Defendant is charged with one count of Conspiracy to Commit Forced Labor in violation of Title 18 U.S.C. § 1594(b) (Count One), multiple counts of Forced Labor in violation of 18 U.S.C. §1589 (Counts Two through Seven), and one count of Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h) (Count Ten). Defendant was indicted in the Eastern District of Michigan on July 23, 2025, and consented to detention at that time, prior to transfer under Rule 5(c)(3), with detention to be argued following transfer. The Government subsequently filed its detention memorandum in this matter requesting pretrial detention.

## II. Statement of Law and Argument

"Under the Bail Reform Act, 18 U.S.C. § 3142, upheld by the Supreme Court in *United States v. Salerno*, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987), a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing 18 U.S.C. § 3142(e)). "A judicial officer's finding of dangerousness must be "'supported by clear and convincing evidence.'" *Id.* (citing 18 U.S.C. § 3142(f)(2)(b)). "The default position of the law, therefore, is that a defendant should be released pending trial." *Id*.

"That default is modified, however, for certain, particularly dangerous defendants." *Id.* When "a 'judicial officer finds that there is probable cause to believe' that a defendant committed one of the crimes listed in section 3142(e)(3), there is a presumption in favor of detention: 'Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community[.]'" *Id.* (citing 18 U.S.C. § 3142(e)(3)). "[W]hen the government presents an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention." *Id*.

"[S]ection 3142(e)(3)'s presumption in favor of detention imposes only a "burden of production" on the defendant, and the government retains the "burden of persuasion." *Id.* (citing, *e.g., United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir.2001); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir.1985)). "A defendant satisfies his burden of production when he 'com[es] forward with evidence that he does not pose a danger to the community or a risk of flight.'" *Id.* (citing *Mercedes*, 254 F.3d at 436). "Although a defendant's burden of production 'is not heavy,'

he must introduce at least some evidence." *Id*. (citing *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir.1991)).

When a defendant satisfies this burden, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Mercedes*, 254 F.3d at 436. "The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts," but "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Stone*, 608 F.3d at 945. *See also United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir.1986) ("[T]he presumption of dangerousness ... represents Congressional findings that certain offenders ... are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions."). "To rebut the presumption, therefore, a defendant should 'present all the special features of his case' that take it outside 'the congressional paradigm [.]'" *Stone*, 608 F.3d at 946 (quoting *United States v. Jessup*, 757 F.2d 378, 387 (1st Cir.1985), abrogated on other grounds by *United States v. O'Brien*, 895 F.2d 810 (1st Cir.1990)).

"Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id*. "In determining whether the government has met that burden of persuasion, the court must consider certain factors," including:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, ... a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community,

community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release....

18 U.S.C. § 3142(g). 18 U.S.C. § 3142(c) provides, in relevant part, for pretrial release subject to conditions as follows:

(A) subject to the condition that the person not commit a Federal, State, or local crime during the period of release… and
(B) subject to the **least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community**, which may include the condition that the person—
(i) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;
(ii) maintain employment, or, if unemployed, actively seek employment;
(iii) maintain or commence an educational program;
(iv) abide by specified restrictions on personal associations, place of abode, or travel;
(v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;
(vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;
(vii) comply with a specified curfew;
(viii) refrain from possessing a firearm, destructive device, or other dangerous weapon;
(ix) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner;
(x) undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;
(xi) execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may require;

> (xii) execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond;
> (xiii) return to custody for specified hours following release for employment, schooling, or other limited purposes; and
> (xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.
> In any case that involves a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title, or a failure to register offense under section 2250 of this title, any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii).

*Id*. (emphasis added). Consistent with the intent of Congress, the Act encourages release of the accused pending trial, provided some condition or combination of conditions can reasonably assure the appearance of the accused at trial and the safety of the community or any other person. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) ("a defendant may be detained pending trial only if a judicial officer 'finds that **no condition or combination of conditions** will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'") (quoting 18 U.S.C. § 3142(e)) (emphasis added). "The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention." *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

### III. Brannon Does Not Pose a Danger to Any Other Person or the Community Against Which No Condition or Combination of Conditions of Release Can Reasonably Assure.

On August 28, 2025, Defendant consented to detention in the Middle District of Florida without prejudice and the Magistrate Court accordingly ordered her detained without making any specific factual findings, reserving her rights to challenge detention in this District. Defendant

requests that a detention hearing be scheduled and heard and that she be released under the Bail Reform Act.

Defendant Brannon respectfully submits that she does not pose a danger to the community or any other person against which no combination of conditions of release can reasonably assure, and that she should be released to bail upon entry of an appropriate set of conditions of release. First, during her detention in Florida, Defendant suffered a cardiac event and underwent heart surgery. During that surgery, surgeons placed a stent in her heart. After her release to the jail facility following surgery, Defendant suffered significant distress and was hospitalized for several days for additional monitoring and observation. Her focus in the coming months will necessarily be focused on following her doctor's orders, minimizing stress, and maintaining her health, and she does not pose a risk to the community or any other person.

Defendant has no prior criminal history. The circumstances of the charged offenses make clear that the charged criminal conduct occurred under circumstances where Defendant is alleged to have acted as her co-defendant Taylor's second in command, "carr[ying] out" his orders. (Indictment ¶ 3). The text messages cited in the Indictment reflect that the origin of the charged allegations followed a typical model where Taylor, trading on his authority and religious adherence, demanded action of Brannon:

> On or about September 19, 2021, at 10:21pm, TAYLOR texted to KOGGC victim DG, "**Michelle** and kea Make them all stand and Tell them if the punishment of 4am don't work I'm going to make it worser and worser .. They are going to get their beds out of my house and sleep in the garage ! !

Indictment, ¶ 39 (e);

> On or about May 26, 2022, at approximately 11:35am, TAYLOR texted to the group including V-2, "WARNING - FROM APOSTLE **Michelle** deal out consequences to all the closers ... that are not bringing in their amount .. Garage in tampa and take away food now

! !

Indictment, ¶ 40 (e);

> On or about May 27, 2022, at 7:20am, TAYLOR texted to the group including V-2, "JUDGEMENT- These numbers are bad ! ! .. 7 of the top closers need to go in the garage in tampa now ! ! . . Also I want food taken away .. **Michele** deal out consequences to all the closers .. that are not bringing in their amount .. Garage in tampa and take away food now ! !"

Indictment, ¶ 40 (f);

> On or about July 31, 2022, at 12:01am, TAYLOR texted to the group including V-2, "You are getting up at 8 am also ! ! I want cold water thrown on those who drag and won't get up! A big bucket of water ..
> . **MICHELLE** .. ENFORCE THIS ! !"

Indictment, ¶ 40 (g). The Government's Detention Memorandum overwhelmingly lumps Defendant Brannon with Defendant Taylor, failing to recognize that the same elements of manipulation and control that it attributes to Taylor appear evident from the acts alleged in the Indictment to be applicable to his relationship with Defendant Brannon as well. The evidence the Government has referenced in support of its detention memorandum, with the exception of a single allegation about the gift of use of a luxury vehicle, establishes little more than Defendant Brannon's purported status as another person subject to Taylor's influence and control at a more supervisory level, who was called upon to carry out restrictions imposed by Taylor on others at his direction.

These alleged circumstances suggest that a combination of conditions of confinement that require that Defendant Brannon "(iv) abide by specified restrictions on personal associations, place of abode, or travel" and "(v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense" can effectively neutralize any danger

to the community or any other person. Conditions of bond that prevent and remove her from contact with Taylor and his followers will remove any remaining risk of harm to any person.

The Government's Detention Memorandum simply alleges that Defendant Brannon has access to funds in two basic varieties: 1) credit card, Venmo, and CashApp accounts that are used by a wide range of modern Americans and can be applied for by a wide range of Americans (and that can be effectively restricted, monitored, and/or closed as a condition of bond); access to church financial accounts as a signatory. Access to speculative sources of funds through ordinary financial accounts is by no means unusual among criminal defendants, and conditions restricting or monitoring transfers to those accounts by other church members and required disclosure and access to statements of those accounts would effectively neutralize any risk posed by Defendant's access to resources. It is Defendant's understanding that the church's accounts have largely been seized, frozen or closed at this time; however, a condition of bond could require confirmation that her name has been removed as signatory from any remaining accounts and prohibit her from being added as signatory to any future accounts associated with the church. Her compromised health further minimizes any risk of non-appearance, as she is in no condition to embark on difficult travel or to separate herself from necessary follow-up health care.

With respect to her housing following her release, Defendant suggests that she be released from custody under the condition that she has no contact with co-Defendant Taylor or any other current or former members of KOGGC with the exception of Kearisten Jones, who Defendant Brannon has named as her Power of Attorney as Jones assists Defendant Brannon with health care following her recent cardiac surgery. With respect to Ms. Jones, a condition of confinement could be imposed that would prevent any communication of messages to or from other church members during their communications.

Defendant Brannon suggests that she has housing available to her at either:

1. **46105 7 Mile Rd, Northville, MI 48167** – This property is currently being rented by her friends, Amanda King and Charles Smith. She can stay there in a location close to the place of trial in the Eastern District of Michigan but would likely need to establish a relationship with new medical practice.

2. **706 Guisando de Avila, Tampa, FL 33613 –** This property is in close proximity to the defendant's cardiologist who performed her stent surgery recently. At this time and during the pendency of this case, no church members other than Defendant Brannon's power of attorney, Kearisten Jones, will be present at this residence. Defendant Brannon has not been presented with any information that suggests that any civil forfeiture proceeding has been initiated with respect to this property as of this time.

FOR THE FOREGOING REASONS, Defendant Brannon respectfully requests this Honorable Court admit her to bail on a combination of conditions of release, pursuant to Title 18 U.S.C. § 3145(b), or, in the alternative, schedule a hearing at which she may present further argument as to available conditions of release that will reasonably assure her appearance at trial and the safety of the community or any other person.

September 24, 2025

Respectfully Submitted,

ROGERS SEVASTIANOS & BANTE, LLP

By:   /s/ *John P. Rogers*
JOHN P. ROGERS, 38743MO
120 S. Central Avenue, Suite 160
Clayton, Missouri 63105
(314) 354-8484
Facsimile (314) 354-8271
jrogers@rsblawfirm.com
Attorney for Defendant Brannon

## CERTIFICATE OF SERVICE

By signature below, I hereby certify that on September 24, 2025, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Assistant United States Attorney Sarah Resnick Cohen.

/s/ *John P. Rogers*