UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:25-CR-20560-TGB-KGA |
| | ) |
| DAVID TAYLOR, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO DETENTION**

COMES NOW Defendant David Taylor, by and through undersigned counsel, and respectfully requests this Court deny the Government's request that he be detained during the pendency of this matter.

While offenses charged carry a rebuttable presumption of detention, that presumption can be rebutted by Taylor's personal characteristics. Further, the Government cannot carry its burden of persuasion to demonstrate that Taylor is either a flight risk or a danger to the community. Contrary to the Government's assertions, conditions can be imposed that would reasonably assure Taylor's appearance and the safety of any person or the community.

I. **Legal Standards**

The Government has charged Taylor by indictment with ten counts: Conspiracy to commit Force Labor, 18 U.S.C. § 1594(b) (Count One), Forced Labor, 18 U.S.C. § 1589 (Counts Two through Nine), and Money Laundering Conspiracy, 18 U.S.C. § 1956(h) (Count Ten). Counts One through Nine qualify as "crimes of

1

violence" pursuant to 18 U.S.C. § 3142(f)(1), and a presumption in favor of detention exists pursuant to 18 U.S.C. § 3142(e)(3)(D), because the offenses are contained in Chapter 77 of the United States Code and have a mandatory maximum sentence of 20 years.

Once the presumption under Section 31412(f)(1) arises, the defendant is burdened with producing evidence that he or she is not a flight risk or danger to the community. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). That burden is "not heavy" and is met by the production of "some evidence." *Id.* The burden of persuading this Court that there is no condition of release that can assure Taylor's appearance and the safety of the community rests with, and never leaves, the Government. *United States v. Marcrum*, 953 F. Supp. 2d 877, 881 (W.D. Tenn. 2013). Further, the *weight* of the presumption is to be determined by the Court. *United States v. Moss*, 887 F.2d 333, 337 (1st Cir. 1989). That is, even if there is a presumption in favor of detention, this Court can determine how strong that presumption is.

Ultimately, whether detention is appropriate is determined by the consideration of certain factors. First, the nature and circumstances of the offenses charged, including whether the offense is a crime of violence. Second, the weight of the evidence against the person. Third, the history and characteristics of the person, including their character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record

concerning appearances at court proceedings. Fourth and finally, the nature and seriousness of the danger to any person or the community. 18 U.S.C. § 3142(g). Consideration of each of these factors determines that detention is not appropriate here.

.

**II.     Taylor can rebut the presumption of detention.**

Taylor is a 52-year-old man with no criminal convictions. The Government attempts to claim he was untruthful about his living arrangements, because he said he lived in St Louis and not North Carolina. While Taylor has spent the past 5 years or so in North Carolina, he has never considered that his home. His time in North Carolina was spent in relative solitude in what Taylor describes as a shut away. His purpose there was to write and plan the next phase of his ministry.

Taylor had in fact leased the same apartment in the St. Louis area for the past twenty years and considered that apartment to be his home. That lease only terminated recently because of the execution of a search warrant by the Government relative to this prosecution.

Taylor's life-long employment is as a minister. While the Government attempts to cast aspersions on Taylor's ministry, it cannot be denied that he leads a substantial religious congregation and has done so for years. While the Government would wish to transmute this church into a criminal enterprise, its adherents would beg to differ. There is nothing illicit about being a minister.

Taylor has no history of failing to appear for court. To the contrary, this investigation has been ongoing for several years. During that time, Taylor's counsel has remained in contact with the Government, responding to investigatory subpoenas. Had Taylor been granted the opportunity to self-surrender, he would have done so.

Given a history of law-abiding behavior and stability, as well as a demonstrated record of complying with governmental requests, Taylor has presented evidence that rebuts the presumption of detention.

## III. Neither the nature and the circumstances of the offense nor the weight of the evidence support detention.

Two of the factors to be examined in determining whether detention is appropriate are the nature and circumstances of the offense and the weight of the evidence that supports the allegations. While the Government expounds, at length, on these points Taylor absolutely denies the allegations of forced labor and anticipates being able to present witnesses at trial who will directly refute the claims of psychological or physical abuse. But at this stage it is sufficient to point out that the Government has not alleged that any weapons of any kind were used, that any controlled substances were involved, or that any person was actually physically restrained.

The Government makes several allegations about physical abuse, but a close reading of both the indictment and the detention motion reveals that there is not a single specified person, witness, or victim who claims that they were subject to

4

physical assault. Similarly, while the Government claims that religious/psychological threats were used to compel individuals to work, neither the indictment nor the detention motion contains a single such allegation related to a specific person. Rather, both discuss how various "victims" received group text messages. While the Government highlights messages talking about fasting, there are no reports or allegations of any specific person actually being deprived of food.

The detention motion claims that the Government was able to corroborate the allegations of forced labor during the execution of various search warrants. D47 Pg. 14. However, it should be noted that the corroboration did not take the form of even a single person who stated that they had been forced to work under threat of physical violence, deprivation of shelter or food, or psychological abuse. These vague allegations do not support detention, because they do not suggest that there are no conditions of pre-trial release that would reasonably ensure the safety of specific people and the community and ensure Taylor's appearance in Court.

**IV. Taylor's history and characteristics demonstrate that he is neither a flight risk nor a danger to the community, and the Government's claims of dangers are overwrought.**

As noted above, Taylor has no criminal record. Therefore, Taylor has no record of failing to appear for scheduled court dates or failing to abide by judicial directives. And as also noted above, Taylor has known of this investigation for over three years and did not flee. He also remained, via counsel, in communication with the Government. This has included complying with the Government's investigatory

5

requests. Had the Government informed him of the indictment, he stood ready and willing to self-surrender.

In addition to the absence of any criminal history, Taylor has no history of substance abuse. He has no history of violence. It should not escape notice that Government never alleges that Taylor has ever actually engaged in any acts of physical violence.

The Government attempts, at length, to reduce Taylor's 40-year career in ministry to nothing more than a criminal escapade, including claiming that his sole ties are to where he has "committed his criminal activity". D47 Pg. 36. That criminal activity is an ongoing, thriving church with various facilities throughout the country. Even after Taylor was taken into custody and church facilities subjected to government raids, the church's functions continue. There are still services attended by congregants. If released pending trial, Taylor would like continue to serve as the minister for his parishioners as they rely on his spiritual guidance. This includes the primary location, the Kingdom Family Church in Taylor, Michigan. This 2500-seat facility, in the Eastern District of Michigan, continues to hold services.

Despite the termination of his long-term personal lease, there are multiple locations where Taylor could reside, in Florida, Missouri, Michigan and other places. These locations are available for inspection and monitoring. With appropriate conditions fashioned by this Court, Taylor's attendance at court dates would be insured and the public kept safe.

In attempting to claim that Taylor has access to funds that could be used for flight, the Government faults Taylor for having a PayPal account. D 47 Pg. 38. Any individual with a phone, tablet, or computer has access to PayPal. The Government claims that Taylor could surrender certain life insurance policies. D47 Pg. 38. The Government does not make clear that that Taylor is the policy owner, such that he would receive the funds if the policies were surrendered or describe what the "applicable fees or penalties" might be. The Government claims that Taylor has access to "multiple credit cards." D47 Pg. 38-39. The total credit limit of the cards listed, however, is less than $7,000. *Id.*

Ultimately, the Government's claims about access to funds and flight are nearly universally applicable. If the Government's allegations raise a concern about flight, then *any* defendant with access to *any* funds should be detained, despite the absence of any indication that they are a flight risk, because any defendant *might* be able access *some* funds that *could* be used to flee to *somewhere*. Certainly, the Court can craft conditions of release that would obviate this hypothetical risk, such as requirements of meeting with pre-trial officers, home detention, GPS monitoring, and the like. Additionally, it should be noted that Taylor's passport has been seized by the Government.

The same is true of the Government's claims about dangers to the community. Every defendant *might* commit another offense. But this Court can impose restrictions and conditions of release to preclude that, such as prohibitions on contacting witnesses, requirements of disclosure, and monitoring.

Again, Taylor contests all of the Government's allegations.  But they are not of a nature that suggests if he were released that he would offend again, flee, or impede the judicial process.  It is unreasonable to confine a middle-aged minister with a large, multi-state congregation, and no history of criminal behavior.

## CONCLUSION

For these above reasons, Taylor has rebutted the presumption of detention. Further, the Government has failed to carry its burden of establishing that there are no conditions of pre-trial release that will ensure Taylor's appearance at court and the safety of the community.  Taylor respectfully requests that this honorable Court deny the Government's request for detention.

Respectfully submitted,

By: */s/ N. Scott Rosenblum*

N. SCOTT ROSENBLUM, 33390MO
Attorney for Defendant
120 S. Central Avenue, Suite 130
Clayton, MO  63105
(314) 862-4332

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2025 the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system.