UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

    Plaintiff,

v.

D-1 DAVID TAYLOR and
D-2 MICHELLE BRANNON,

    Defendants.
_____/

Criminal No. 25-cr-20560

Honorable Terrence G. Berg

## STIPULATION TO CONTINUE DATES AND FOR A FINDING OF EXCLUDABLE DELAY

The parties stipulate and agree that the Court should continue the motions and trial date and exclude time under the Speedy Trial Act in this case because, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by a continuance outweigh the interests of the public and the defendants in a speedy trial. In support of this Stipulation, the parties agree as follows:

1. On July 23, 2025, a federal grand jury returned the Indictment in this case charging defendants DAVID TAYLOR and MICHELLE BRANNON with Conspiracy to Commit Forced Labor in violation of 18 U.S.C. § 1594(b) (Count One); five counts of Forced Labor in violation of 18 U.S.C. § 1589 (Counts Two through Seven); and one count of Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h) (Count Ten). DAVID TAYLOR is charged with an additional

1

two counts of Forced Labor in violation of 18 U.S.C. § 1589 (Counts Eight and Nine).

2. The Indictment also includes Forfeiture Allegations.

3. The Indictment is the result of a lengthy investigation conducted by the Federal Bureau of Investigation and the Internal Revenue Service - Criminal Investigations in coordination with federal law enforcement agencies in the Middle District of Florida, the Eastern District of Missouri, the Middle District of North Carolina, and the Southern District of Texas.

4. The government's evidence in this case is voluminous.

5. The evidence relating to the charges of conspiracy to commit forced labor, forced labor, money laundering, and forfeiture allegations includes, *inter alia*:

    a. Returns from over 250 subpoenas;

    b. Returns from approximately 22 search warrants;

    c. Physical and electronic evidence from six locations searched on August 27, 2025, in:

        i. Taylor, Michigan;

        ii. Tampa, Florida;

        iii. Ocala, Florida;

        iv. Chesterfield, Missouri;

      v.   Durham, North Carolina; and

      vi.   Houston, Texas

6.    BRANNON was arraigned on the indictment in the Eastern District of Michigan on September 30, 2025.

7.    TAYLOR appeared on the indictment in the Middle District of North Carolina. TAYLOR has not yet been arraigned in the Eastern District of Michigan.

8.    The Speedy Trial Act permits the Court to continue the trial date if the Court finds that the ends of justice served by a continuance outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The Court has currently scheduled the trial of this matter on November 18, 2025, as to defendant BRANNON, with a pretrial motions cut-off on Monday, October 13, 2025.

9.    Pursuant to § 3161(h)(7)(B)(ii), a continuance is warranted if the Court finds that "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. §3161(h)(7)(B)(ii).

10.    For the reasons set forth in this Stipulation, the parties submit that this case is a complex case within the meaning of § 3161(h)(7)(B)(ii) due to the nature

of the prosecution and the nature and quantity of the evidence. Therefore, it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits of the Speedy Trial Act.

11. The ends of justice require a continuance here, and the ends of justice outweigh the interests of the public and the defendants in a speedy trial.

12. Therefore, pursuant to 18 U.S.C. § 3161(h)(7)(A), the parties request that the Court find that the time between November 18, 2025, and April 14, 2026, be excluded in computing the time within which the trial must commence.

13. The parties further request that the motions deadline and the plea-cut-off be continued.

IT IS SO STIPULATED.

JEROME F. GORGON, JR.
United States Attorney

s/ *Sarah Resnick Cohen*
Sarah Resnick Cohen
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
sarah.cohen@usdoj.gov
(313) 226-9637
P51968

*s/Christina Randall-James*
CHRISTINA RANDALL-JAMES
Trial Attorney
Human Trafficking Prosecution Unit
U.S. Department of Justice
Civil Rights Division

4

                                                      202-598-5701
                                                      Christina.Randall-James@usdoj.gov

| s/ *Scott Rosenblum w/consent* | s/ *John Rogers w/ consent* |
|---|---|
| Scott Rosenblum | John Rogers |
| Counsel for D-1 David Taylor | Counsel for D-2 Michelle Brannon |
| Rosenblum Schwartz Fry & Johnson | Rogers Sevastianos & Bante, LLP |
| 120 South Central Ave., Suite 130 | 120 S. Central Ave., Suite 160 |
| St. Louis, MO 63105 | St. Louis, MO 63105 |
| srosenblum@rsfjlaw.com | www.rsblawfirm.com |
| (314) 406-5001 | (314) 354-8484 |

Dated: October 15, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

    Plaintiff,

v.

D-1 DAVID TAYLOR and
D-2 MICHELLE BRANNON,

    Defendants.

_____/

Criminal No. 25-cr-20560

Honorable Terrence G. Berg

## ORDER TO CONTINUE DATES AND FOR A FINDING OF EXCLUDABLE DELAY

Upon the Court's consideration of the parties' Stipulation to Continue Dates and for a Finding of Excludable Delay, and upon consideration of the nature of the prosecution and the nature and quantity of the evidence, the Court finds that the ends of justice are best served by continuing all dates and excluding time under the speedy trial act. Given the volume of discovery involved and the complexity of this matter, it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits established by the Speedy Trial Act, reflected in the Court's current trial schedule. Therefore, pursuant to 18 U.S.C. § 3161(h)(7)(A)), the time between November 18, 2025, and April 14, 2026, is hereby excluded in computing the time under which trial must commence under the Speedy Trial Act. The trial of this matter, currently set for November 18, 2025,

6

is continued until April 14, 2026, as are the motions deadline, plea cut-off and final pretrial conference.

   Status Conference:   Tuesday, February 17, 2026, at 10:00 a.m.

   Motion Cut-off:   Friday, March 6, 2026

   Plea Cut-off:   Tuesday, March 24, 2026

   Final Pretrial Conference:   Tuesday, March 31, 2026, at 10:00 a.m.

   Jury Trial:   April 14, 2026, at 8:30 a.m.

SO ORDERED.

            s/Terrence G. Berg
            HON. TERRENCE G. BERG
            United States District Judge

Dated: October 20, 2025