UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   Cause No.: 2:25-CR-20560-TGB-KGA |
| v. | ) |
| | ) |
| MICHELLE BRANNON, | ) |
| | ) |
|     Defendant. | ) |

**AMENDED MOTION TO MODIFY PRETRIAL RELEASE CONDITIONS**

COMES NOW Defendant Michelle Brannon, by and through undersigned counsel, and hereby moves this honorable Court to amend Ms. Brannon's pretrial release conditions to allow her to have contact with Ms. Kea Jones, and to be allowed to receive funds for her expenses through donations from third-party fundraiser. In support of the motion, Defendant further states:

1. On September 30, 2025, the Court entered an order setting Conditions of Release, whereby, under section "bb", Defendant must "[a]void all contact, directly or indirectly, with any person associated with the Kingdom of God Global Church (KOGGC), formerly Joshua Media Ministries International (JMMI) except for the following individuals: Ms. Kea Jones, Mr. Joseph Bush, Mr. Joshua Riles." Doc. # 39.

2. The Government appealed the Magistrate Court's determination that bond was appropriate to the District Court.

3. On October 1, 2025, the District Court affirmed the Bond Order, but altered paragraph "bb" in its Order setting Conditions of Release to remove Ms. Kea Jones

and Mr. Joseph Bush as individuals Ms. Brannon may contact while on pretrial release. Doc. # 36

4. Additionally, the Court added two further conditions:

    a. " 'cc' The defendant is allowed to reside at the proposed Northville, Michigan Address."

    b. " 'dd' Within 30 days, defendant will demonstrate that the costs associated with the bond address is not being paid by the KOGGC and/or the JMMI or any of it's members, and that pretrial services may continue to require verification of the same as directed."

5. As the Court is aware, because Ms. Brannon has no relevant social life outside of KOGGC, and has had a limited ability to finance her living arrangements without the aid of any of her social circle, which is entirely comprised of KOGGC members, Ms. Brannon could not afford to reside in the proposed Northville, Michigan address. See Doc. # 63.

6. The Parties stipulated that Ms. Brannon be granted additional time to find housing suitable to pretrial release after she could not afford the Northville address and she was denied an apartment in Livonia, Michigan due to the pending litigation.

7. Ms. Brannon has had no violations on pretrial release.

8. The denial of Ms. Brannon's ability to contact Ms. Kea Jones has negatively affected her mental and physical health and it does not serve the purposes of bond: to ensure defendant's appearance for court and to ensure the safety of the community.

9. Ms. Kea Jones had been Ms. Brannon's long-time caretaker as Ms. Brannon is not in good health and requires some in home help for her day-to-day physical needs. Ms.

Kea Jones is Ms. Brannon's caretaker, a witness for the defense, and a member of KOGGC.

10. Further, the added condition that members of KOGGC not contribute to Ms. Brannon's bond address does not ensure that she appears in court, nor does it ensure the safety of the community.

11. This condition only further isolates Ms. Brannon from the community she has shared for 15 years, it places her in a financially precarious position, has eliminated her ability to have health insurance, and is so broad as to prevent Ms. Brannon or anyone on her behalf from starting a "go fund me" or similar fundraising effort for her expenses because there is no way to satisfy that she "demonstrate that the costs associated with the bond address is not being paid by KOGGC … or any of it's members" when there is no mechanism to ensure that a member of KOGGC may donate anonymously.

12. Pretrial Services of the Eastern District of Michigan has replied to defense counsel's request for its input on the above requests.

   a. Pretrial Services officer Andrea Peschke has stated that she would object to the aspect of Defendant's Motion that would allow her to have contact with Ms. Kea Jones.

   b. Pretrial Services officer Andrea Peschke has stated that she would defer to the Court with respect to the aspect of Defendant's Motion requesting that Defendant be allowed to use a third-party fundraiser such as a "go fund me."

13. Pursuant to the local rules, counsel for the defense and the government have met and conferred with respect to Defendant's motion before the Court. As such the parties can relay to the Court that:

    a.   AUSA Sarah Cohen is opposed to amending the conditions of release to allow for contact with Kea Jones.

    b.  AUSA Sarah Cohen is unopposed to amending the conditions of release to allow third-party fundraising (1) by individuals who are unaffiliated with the KOGGC and (2) if the fundraising prohibits contributions from KOGGC members. AUSA Cohen is unable to agree to the proposed language of a third-party fundraising which would characterize the prosecution of David Taylor and Michelle Brannon as malicious.

WHEREFORE, Defendant prays this honorable Court grant her Motion to Amend the Pretrial Release Conditions, allow her to have contact with Ms. Kea Jones, and allow her to receive funds for her expenses from third-party fundraisers.

Respectfully Submitted,

ROGERS SEVASTIANOS & BANTE, LLP

By:    */s/ John P. Rogers*
        JOHN P. ROGERS, #38743MO
        Attorney for the Defendant
        120 S. Central Ave., Ste. 160
        St. Louis, Missouri 63105
        (314) 354-8484/Facsimile (314) 354-8271
        Email: jrogers@rsblawfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.: 2:25-CR-20560-TGB-KGA |
| v. | ) | |
| | ) | |
| MICHELLE BRANNON, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2026, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Sarah Cohen, assistant United States attorney.

Respectfully Submitted,

ROGERS SEVASTIANOS & BANTE, LLP

By:     */s/ John P. Rogers*
        JOHN P. ROGERS, #38743MO
        Attorney for the Defendant
        120 S. Central Ave., Ste. 160
        St. Louis, Missouri 63105
        (314) 354-8484/Facsimile (314) 354-8271
        Email: jrogers@rsblawfirm.com