UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**KATHLEEN KLEIN,**<br><br>Defendants. | 2:25-cr-20560-TGB-KGA-3<br><br>HONORABLE TERRENCE G. BERG<br><br>**<u>CRIMINAL TRIAL NOTICE AND SCHEDULING ORDER</u>** |

| | |
|---|---|
| **YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES** ||
| | |
| Remote Status Conference<br>Instructions to follow* | Tuesday, February 17, 2026, at 10:00 a.m. |
| Pretrial Motions (except for motions *in limine*) due: | Friday, March 6, 2026 |
| Plea cutoff:[1] | Tuesday, March 24, 2026 |
| Witness Lists, Proposed Voir Dire, Proposed Jury Instructions and Proposed Verdict Form (submitted directly to Judge Berg's chambers) due: | ONE WEEK prior to final pretrial conference |
| Motions *in Limine* due: | ONE WEEK prior to final pretrial conference |
| Final Pretrial Conference: | Tuesday, March 31, 2026, at 10:00 a.m. |
| Trial date: | Tuesday, April 14, 2026, at 8:30 a.m.[2] |

---

[1] Parties are directed to contact chambers to schedule a plea hearing once a plea agreement has been executed, if necessary.

[2] Counsel is advised to confirm the trial date as it approaches with Emily Vradenburg, Case Manager, at (313) 234-2644**.**

The purpose of this Order is to (1) Establish a motion cut-off date; (2) establish a plea cut-off date; (4) set guidelines for other pretrial matters; and (5) set a trial date and final pretrial conference.

This order also is intended to eliminate unnecessary discovery motions and to expedite the presentation of evidence and the examination of witnesses. To the extent it is in conflict with any administrative order in this District, this Order shall govern.

1. **RECUSAL**

The government shall immediately determine whether any portion of this criminal case or its previous investigation was opened in the United States Attorney's office for the Eastern District of Michigan during the period from August 18, 2008, until January 4, 2010 and if it was, shall immediately inform the Court and defense counsel of both that fact and the date of the opening. Upon its own initiative or by motion of any party, the Court shall recuse itself from any matter over which Judge Berg presided as interim United States Attorney for the Eastern District of Michigan, or in which he represented the United States as an Assistant United States Attorney.

2. **PLEA CUT-OFF DATE**

If the parties intend to resolve this case by a plea agreement pursuant to Federal Rule of Criminal Procedure 11, the parties must submit a signed written plea agreement to chambers on or before the deadline set forth above.

3. **ATTORNEY CONFERENCE AND DISCLOSURE**

Within ten (10) days of the date of arraignment, government and defense counsel shall meet and confer for the purpose of resolving or minimizing the issues in controversy. Upon the request of defense counsel, government counsel shall:

(A) provide defense counsel with the information described in Federal Rule of Criminal Procedure 16(a)(1); and
(B) permit defense counsel to inspect and copy or photograph any exculpatory/impeachment evidence within the meaning of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976), and Giglio v. United States, 405 U.S. 150 (1972). A list of such evidence shall be prepared and signed by all counsel. Copies of the items which have been disclosed shall be initialed or otherwise marked.

Nothing in this Order shall be construed to require the disclosure of *Jenks* Act material prior to the time that its disclosure is required by law.

3. **DISCLOSURE DECLINED**

If, in the judgment of government counsel, it would be detrimental to the government's interests to make any of the disclosures set forth in the paragraph above, the government shall file a motion within the ten-day period seeking relief from this Order and setting forth the specific reasons therefore.

**4.   CONTINUING DUTY**
The duty to disclose is continuing, even throughout trial.

**5.   DISCOVERY BY THE GOVERNMENT**
Nothing in this Order is designed to preclude discovery by the government under the Federal Rules of Criminal Procedure, nor to alter the Defendant's obligation, if any, under Rule 16(b).

**6.   E-FILING**
Except as specified otherwise in this Court's ECF Policies and Procedures, or by other court order, all court papers to be made part of the court record must be filed electronically. Attorneys must become familiar with the CM/ECF Policies and Procedures, which can be found as an Appendix to the Local Rules.

Attorneys shall furnish to chambers courtesy copies of appendices in support of motions that have been e-filed, limited to the following material: (1) exhibits that contain materials that cannot be understood adequately in copied form (e.g., color photographs, color graphs and charts); (2) appendices that exceed 50 pages in length; (3) motions with exhibits that exceed three in number.  Paper copies of appendices may be sent by ordinary mail posted within one (1) business day of the e-filing date.  Paper copies should be directed to chambers and NOT filed with the Clerk's Office.

**7.   MOTIONS**
All pretrial motions, except for motions *in limine*, are to be filed on or before the date above. If motions are filed, the government or defendant may file a response within the time allowed by the Local Rules.

**8.   EXHIBITS**
   (A) Marking of Exhibits
Counsel are required to mark all proposed exhibits in advance of trial.  The Government's exhibits shall use numbers and Defendant's exhibits shall use letters. A consecutive numbering and lettering system should be used by each party.

   (B) List of Exhibits
A list of proposed exhibits shall be submitted directly to Judge Berg's chambers by each of the parties by the deadline established at the final pretrial conference.  However, no later than one (1) week before the final pretrial conference, each party shall make available for inspection all exhibits that party will introduce

at trial. This provision shall not extend the time for disclosure and inspection of material previously ordered herein.

(C) <u>Foundation for Exhibits</u>

When a party has inspected an exhibit that the opposing party intends to introduce in evidence, the authentication of that will be deemed established unless the objecting party files a notice with the Court at or before the final pretrial conference that the foundation for admission into evidence of the exhibit will be contested.

(D) <u>Objections to Exhibits</u>

This Order shall not affect the right of a party to object at the time of trial to the introduction of an exhibit other than on the basis of authentication and foundation.

(E) <u>Custody and Record of Admitted Exhibits</u>

Counsel are required to maintain a record of all admitted exhibits during trial. Counsel for each party must keep custody of that party's admitted exhibits during trial. A party who objects to this provision must file a written objection prior to jury selection.

(F) <u>Publication of Exhibits During Trial</u>

The Court encourages parties to use electronic projection to publish exhibits during trial in a manner that allows the jury, court, attorneys, and parties to view the exhibit simultaneously. Parties are responsible for contacting the court to arrange use of the court's equipment to the extent that equipment is available. If photographs and documentary exhibits are not published electronically, then the party must prepare exhibit books for the court and each juror. Whether or not exhibits are published electronically, a separate exhibit book should be prepared and made available to a witness who is to be questioned about an exhibit.

(G) <u>Preparing Exhibits For Jury Deliberation</u>

Counsel must confer and purge from one set of binders or files all exhibits not admitted during the course of trial. Originals of all exhibits admitted at trial should be ready to be turned over to the jury foreperson prior to closing jury instructions so that jury deliberations are not delayed.

(H) <u>Filing Exhibits</u>

It is the responsibility of the parties to ensure that the record is complete. All trial exhibits, briefs, and proposed jury instructions are to be filed in the record within five business days of the verdict.

(I) <u>Full Disclosure</u>

  Computer generated visual or animated evidence, together with underlying data, must be disclosed to opposing counsel at least one week before the start of trial.

  (J) <u>Penalty</u>
  A party who does not abide by these provisions may be subject to sanctions, including preclusion of the introduction of exhibits at trial by the offending party.

**9. WITNESS LIST**
  By the deadline established by this Order, and to enable the Court to better estimate the length of trial, each party shall submit directly to Judge Berg's chambers a list of witnesses by name and agency (if appropriate), whom it reasonably anticipates it will call to testify at trial, noting the approximate amount of time the party anticipates will be needed for examination of each such witness. The list must be served on opposing counsel; proof of service must be attached. This list and proof of service are NOT to be electronically filed or otherwise submitted to the Clerk's Office.

**10. JURY INSTRUCTIONS**
  The parties must meet and confer prior to trial to discuss jury instructions. By the deadline established by this Order, the parties must submit directly to Judge Berg's chambers a single set of proposed, stipulated jury instructions. Counsel are responsible for submitting all instructions related to their specific claims or defenses, and special instructions relating to evidence. All such instructions are to be submitted in Word format via the Proposed Orders function in CM/ECF; each instruction shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08"), and each instruction shall be on a separate page. In addition, each party must submit separately to Judge Berg's chambers all additional proposed instruction (in the same form) to which any other party objects. The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form.

**11. VOIR DIRE**
  The Court will conduct voir dire. The court may allow the attorneys to present follow up questions at a sidebar conference, and when appropriate, the court will also ask the requested follow up questions.

**12. JUROR NOTE TAKING**
  Jurors will be allowed to take notes.

**13. ALTERNATE JURORS**
  If more than twelve (12) jurors are selected, the Court prefers that alternate jurors be removed by lot at the conclusion of the final jury instructions, unless a party objects to this process at or before the final pretrial conference. If objections

are made, the last juror(s) drawn during the selection process shall be deemed the alternate juror(s).

**14.   CONTINUANCES**

Continuances of trial dates or continuances during trial will not be granted because of unavailability of witnesses. Please notify the Court if Court intervention is necessary to secure witness attendance.  Otherwise, witnesses will be expected to be available when called.

**15.   FINAL PRETRIAL CONFERENCE**

At the final pretrial conference, counsel must be prepared to discuss all matters that will promote a fair and expeditious trial, including but not limited to:

- A.   Anticipated evidentiary issues;
- B.   Length of trial;
- C.   Stipulations that may obviate the need for foundation witnesses;
- D.   Stipulations that may obviate the need to prove facts that are uncontested;
- E.   Stipulations that may obviate the need for certain exhibits;
- F.   Peremptory challenges; and
- G.   Special arrangements for the presentation of witnesses and other evidence (handicapped parties/witnesses, A/V needs, interpreters, etc.).

**16.   SENTENCING**

Counsel are advised that sentencing memoranda are _required_ from the government and defendant in the event of any sentencing proceedings.  The memoranda shall be filed _no later than one week_ before the sentencing hearing.

BY THE COURT:

/s/Terrence G. Berg
HON. TERRENCE G. BERG
U.S. DISTRICT JUDGE

Entered: February 13, 2026

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 13, 2026, by electronic and/or ordinary mail.

/s/ Emily Vradenburg
Case Manager
(313) 234-2644